# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INGENIOSPEC, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SONY GROUP CORPORATION and SONY INTERACTIVE ENTERTAINMENT, INC.,<br>      Defendants. | Case No.  2:24-cv-820<br><br>**Complaint for Patent Infringement**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IngenioSpec, LLC ("IngenioSpec") files this complaint against Defendant Sony Group Corporation and Sony Interactive Entertainment, Inc. ("Defendants" or "Sony") alleging infringement of U.S. Patent Nos. 8,112,104, 8,582,789, 11,829,518, and 12,044,901. The Accused Products are wireless communication devices, wearable hearing devices, and/or hearing enhancement systems used, offered for sale, sold, and/or imported by Defendant to customers in the United States.

## INTRODUCTION

1. This complaint arises from Sony's unlawful infringement of the following United States patents owned by Plaintiff, which generally relate to wireless communications devices, wearable hearing devices, and/or audio systems: United States Patent Nos. 8,112,104 ("'104 patent"), 8,582,789 ("'789 patent"), 11,829,518 ("'518 patent"), and 12,044,901 ("'901 patent") (collectively, the "Asserted Patents").

**PLAINTIFF INGENIOSPEC**

2. Plaintiff IngenioSpec is a corporation organized and existing under the laws of the state of California, with its principal place of business at 4010 Moorpark Avenue, Suite 211, San Jose, California 95117.

3. IngenioSpec has pioneered innovations in wearable electronics for over a decade. The cutting-edge wearable technology developed by IngenioSpec seamlessly integrates electronics into the wearable electronics for a variety of useful purposes that improve consumers' everyday lives. The discreet, stylish wearable products combine ease-of-use with compact, lightweight electronics.

4. IngenioSpec's electronics in head-worn wearable products provide elegant solutions, such as sensing harmful ultraviolet rays, tracking health indicators, taking pictures, recording video, enabling hands-free phone conversations, enhancing hearing, and playing music and videos.

5. IngenioSpec's head-worn wearable products include electronic headsets, such as wireless earbuds. These earbuds allow a user to control operations simply by voice based on voice recognition, or swiping or pressing the earbuds using touch control. These earbuds can offer dynamic noise cancellation. The life of the re-chargeable battery can be improved by sensing whether an earbud is being worn, with power utilization adjusted accordingly. If the earbud's battery level is low, the earbud can be easily re-charged by placing it into a charging case. The earbuds can be used in conjunction with a device, such as a mobile phone.

6. IngenioSpec's technology can also enable users to send and receive text messages, answer a call, or manage a notification. Further, text messages can be converted to voice, and voice messages can be converted to text, to enhance hands-free operations.

7.     IngenioSpec's technology can also promote user health. For example, the technology includes hearing assistance features to address mild and moderate hearing loss, by dynamically adjusting audio output from an earbud according to its user's hearing profile. The headset can also be used to measure its user's heart rate and monitor the user's activity. During workouts, the headset can track and send your heart rate with exercise data to a mobile phone to promote your health.

8.     IngenioSpec has a portfolio of more than sixty patents covering its head-worn wearable inventions, and has already licensed a portion of its patented technology to more than a dozen corporations.

## THE ASSERTED PATENTS

9.     IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,829,518, titled "Head-Worn Device with Connection Region," and issued November 28, 2023. A copy of the '518 patent is attached as **Exhibit 1**.

10.    IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 12,044,901, titled "System For Charging Embedded Battery in Wireless Head-Worn Personal Electronic Apparatus," and issued July 23, 2024. A copy of the '901 patent is attached as **Exhibit 2**.

11.    IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,112,104, titled "Adaptable Communication Techniques For Electronic Devices," and issued February 7, 2012. A copy of the '104 patent is attached as **Exhibit 3**.

12. IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,582,789, titled "Hearing Enhancement Systems," and issued November 12, 2013. A copy of the '789 patent is attached as **Exhibit 4**.

## DEFENDANTS

13. On information and belief, Defendant Sony Group Corporation is a Japanese corporation with its principal place of business at 1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan. Sony Group Corporation may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process or a regular place of business in Texas as required by statute. This action arises out of the business.

14. On information and belief, Defendant Sony Interactive Entertainment, Inc. is a company organized under the laws of Japan, with its principal place of business at 1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan. Sony Interactive Entertainment, Inc. may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process or a regular place of business in Texas as required by statute. This action arises out of the business.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code.

16. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within the State of Texas, including in this District, giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents, including without limitation the Sony wireless devices accused of infringement in this case, and inducing others to do the same.

18. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants Sony Group Corporation and Sony Interactive, Inc. are both foreign corporations. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,829,518

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. The claims of the '518 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '518 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21. On information and belief, Sony makes, uses, offers for sale, sells, and/or imports certain wireless electronic devices configured to produce audio output for a user and configured to removably couple to conductive contacts of a counterpart connector external to and separate from the wireless electronic device, including without limitation the Sony WF-1000XM5 (collectively, "'518 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '518 patent. Identification of additional '518 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

22. On information and belief, the '518 Accused Products satisfy all claim limitations of one or more claims of the '518 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 5**.

23. Sony also knowingly and intentionally induces infringement of one or more claims of the '518 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Sony a letter conveying Plaintiff's belief that Sony products practiced Plaintiff's patents and required a license. In addition, through at least the filing and service of this Complaint, Sony has knowledge of the '518 patent and the infringing nature of the '518 Accused Products. Despite this knowledge of the '518 patent, Sony continues to make, use, sell, and offer for sale the '518 Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the '518 Accused Products in ways that directly infringe the '518 patent. Sony does so knowing and intending that these companies and their customers will commit these infringing acts.

24. By making, using, offering for sale, selling and/or importing into the United States the '518 Accused Products, Sony has injured Plaintiff and is liable for infringement of the '518 patent pursuant to 35 U.S.C. § 271.

25. As a result of Sony's infringement of the '518 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Sony's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sony, together with interest and costs as fixed by the Court.

26. Sony's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '518 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

27. Sony also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '518 patent through making, using, selling, offering to sell and/or importing '518 Accused Products with knowledge that these activities infringe the '518 patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 12,044,901

28. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. The claims of the '901 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '901 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to

understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

30. On information and belief, Sony makes, uses, offers for sale, sells, and/or imports certain personal electronic apparatus configured to be worn by a user including a speaker, a touch sensitive surface, a rechargeable battery, electronic circuitry, and at least one conductive element partially exposed to enable interconnection, including without limitation the Sony WF-1000XM5 (collectively, "'901 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '901 patent. Identification of additional '901 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

31. On information and belief, the '901 Accused Products satisfy all claim limitations of one or more claims of the '901 patent, including claim 10, as set forth in the preliminary infringement claim chart attached as **Exhibit 6**.

32. Sony also knowingly and intentionally induces infringement of one or more claims of the '901 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Sony a letter conveying Plaintiff's belief that Sony products practiced Plaintiff's patents and required a license. And through at least the filing and service of this Complaint, Sony has had knowledge of the '901 patent and the infringing nature of the '901 Accused Products. Despite this knowledge of the '901 patent, Sony continues to make, use, sell, and offer for sale the '901 Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the '901 Accused Products in ways that directly infringe

the '901 patent. Sony does so knowing and intending that these companies and their customers will commit these infringing acts.

33. By making, using, offering for sale, selling and/or importing into the United States the '901 Accused Products, Sony has injured Plaintiff and is liable for infringement of the '901 patent pursuant to 35 U.S.C. § 271.

34. As a result of Sony's infringement of the '901 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Sony's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sony, together with interest and costs as fixed by the Court.

35. Sony's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '901 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

36. Sony also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '901 patent through making, using, selling, offering to sell and/or importing '901 Accused Products with knowledge that these activities infringe the '901 patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,112,104

37. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

38. The claims of the '104 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to

significantly more than a patent on a patent ineligible concept itself. The written description of the '104 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

39. On information and belief, Sony makes, uses, offers for sale, sells, and/or imports wireless communication systems including a wireless headset and a wireless communication device capable of converting incoming text to audio, recording a reply audio message, and converting that reply audio message into a reply text message, including without limitation the Sony WF-1000XM5 (collectively, "'104 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '104 patent. Identification of additional '104 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

40. On information and belief, the '104 Accused Products satisfy all claim limitations of one or more claims of the '104 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 7**.

41. Sony also knowingly and intentionally induces infringement of one or more claims of the '104 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Sony a letter conveying Plaintiff's belief that Sony products practiced Plaintiff's patents and required a license. And through at least the filing and service of this Complaint, Sony has had knowledge of the '104 patent and the infringing nature of the '104 Accused Products. Despite this knowledge of the '104 patent, Sony continues to make, use, sell, and offer for sale the '104 Accused Products, and to actively encourage and instruct customers and other companies to make,

use, sell, import, and offer for sale the '104 Accused Products in ways that directly infringe the '104 patent. Sony does so knowing and intending that these companies and their customers will commit these infringing acts.

42.     By making, using, offering for sale, selling and/or importing into the United States the '104 Accused Products, Sony has injured Plaintiff and is liable for infringement of the '104 patent pursuant to 35 U.S.C. § 271.

43.     As a result of Sony's infringement of the '104 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Sony's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sony, together with interest and costs as fixed by the Court.

44.     Sony's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '104 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

45.     Sony also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '104 patent through making, using, selling, offering to sell and/or importing '104 Accused Products with knowledge that these activities infringe the '104 patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,582,789

46.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47.     The claims of the '789 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas

and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '789 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

48. On information and belief, Sony makes, uses, offers for sale, sells, and/or imports hearing enhancement systems including an audio system configured to receive input signals for broadcasting, and a wireless receiver configured to wirelessly receive up-converted signals and down-convert those signals and modify them based on a at least one hearing characteristic of the user, including without limitation the Sony WF-1000XM5 (collectively, "'789 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '789 patent. Identification of additional '789 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

49. On information and belief, the '789 Accused Products satisfy all claim limitations of one or more claims of the '789 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 8**.

50. Sony also knowingly and intentionally induces infringement of one or more claims of the '789 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Sony a letter conveying Plaintiff's belief that Sony products practiced Plaintiff's patents and required a license. And through at least the filing and service of this Complaint, Sony has had knowledge of the '789 patent and the infringing nature of the '789 Accused Products. Despite this knowledge of the '789 patent, Sony continues to make, use, sell, and offer for sale the '789

Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the '789 Accused Products in ways that directly infringe the '789 patent. Sony does so knowing and intending that these companies and their customers will commit these infringing acts.

51.     By making, using, offering for sale, selling and/or importing into the United States the '789 Accused Products, Sony has injured Plaintiff and is liable for infringement of the '789 patent pursuant to 35 U.S.C. § 271.

52.     As a result of Sony's infringement of the '789 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Sony's infringement, but in no event less than a reasonable royalty for the use made of the invention by Sony, together with interest and costs as fixed by the Court.

53.     Sony's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '789 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

54.     Sony also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '789 patent through making, using, selling, offering to sell and/or importing '789 Accused Products with knowledge that these activities infringe the '789 patent. Plaintiff is therefore entitled to enhanced damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter:

a.      A judgment in favor of Plaintiff that Sony has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents;

      b.      A judgment and order enjoining Sony and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, from infringing the Asserted Patents;

      c.      A judgment and order requiring Sony to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Sony's infringement of the Asserted Patents;

      d.      A judgment and order requiring Sony to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

      e.      A judgment and order finding that Sony has willfully infringed the Asserted Patents and requiring Sony to pay enhanced damages pursuant to 35 U.S.C. § 284;

      f.      A judgment and order requiring Sony to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

      g.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Sony; and

      h.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: October 7, 2024                          Respectfully submitted,

/s/ *Marc A. Fenster*

**RUSS AUGUST & KABAT**
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
Email: bwang@raklaw.com
Shani Williams, SBN 274509
Email: swilliams@raklaw.com
Daniel Kolko, SBN 341680
Email: dkolko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Matthew D. Aichele, VA 77821
Email: maichele@raklaw.com
800 Maine Ave SW, Suite 200
Washington, DC 20024
Telephone: (202) 664-0623

*Attorneys for Plaintiff IngenioSpec, LLC*